UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GORDON PARKER, | ) |
| | ) CAUSE NO. 1:14-cv-1854 |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER DUCKWORTH, and | ) |
| JAMES FISCUS, in their individual | ) |
| capacities as Indianapolis Metropolitan | ) |
| Police Officers, | ) JURY TRIAL REQUESTED |
| | ) |
| DEFENDANTS. | ) |

**COMPLAINT**

**I. Nature of Case**

1. This lawsuit seeks money damages against two Indianapolis Metropolitan Police Officers for false arrest and malicious prosecution.

**II. Jurisdiction and Venue**

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourth and fourteenth amendments to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendants are residents of, Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

### III.  Parties

4. Plaintiff Gordon Parker is an adult resident of Indiana.

5. Defendant Christopher Duckworth is an adult resident of Indiana and a police officer employed by the City of Indianapolis in its Indianapolis Metropolitan Police Department ("IMPD"). He is sued in his individual capacity.

6. Defendant James Fiscus is an adult resident of Indiana and an IMPD officer employed by the City of Indianapolis. He is sued in his individual capacity.

### IV. Facts

7. Gordon Parker is an Indianapolis resident and was born in 1972.

8. Mr. Parker was self-employed as a barber and rented a chair at Jonathan's Barbershop on North Keystone Avenue in Indianapolis, Indiana.

9. In 2012, law enforcement officers, including the two defendants here, investigated allegedly illegal activity conducted by several barbers who worked at Jonathan's Barbershop and at other businesses owned by the same person.

10. Mr. Parker was not involved in any way in any illegal activities.

11. Despite his lack of involvement, the two defendants falsified their reports of Mr. Parker's activities to make it appear that he committed crimes.

12. In a probable cause affidavit submitted on November 14, 2012, Officer Fiscus wrote that on May 23, 2012, "Detective Duckworth observed a Gold 1999 Chrysler Concorde ... pull into the north side parking lot of Jonathans [sic] Barbershop. The vehicle was driving by a B/M whom was later identified as Gordon Parker[.]" Probable Cause Affidavit, p. 14.

13. The probable cause affidavit then stated that another man who worked as a barber at the shop was in Mr. Parker's front passenger seat, got out of the car, made two drug deals with a confidential informant, and then got back into Mr. Parker's car. Probable Cause Affidavit, p. 14-15.

14. In reality, Mr. Parker's car was parked at the location while Mr. Parker worked; Mr. Parker did not drive the other barber to the shop; Mr. Parker did not participate in any way in transporting or facilitating any delivery of drugs to the confidential informant; Mr. Parker was not aware of the alleged drug transaction between the alleged seller and the confidential informant; and, instead, Mr Parker merely gave the alleged seller of the drugs a ride home from the shop after work.

15. Mr. Parker did not commit any crime or facilitate any crime.

16. The 44- page Affidavit of Probable Cause mentions Mr. Parker four other times, stating that he is observed either in the barbershop or his car is observed parked at the barbershop, but does not state that on any of these occasions he engaged in any illegal activity. Affidavit of Probable Cause, pages 18, 20, 22, 27, 30.

17. Based upon the false presentation of the events of May 23, 2012, the Marion County Prosecutor sought and obtained an arrest warrant for Mr. Parker on November 14, 2012.

18. Upon learning that an arrest warrant had been issued for his arrest, Mr. Parker turned himself in on November 26, 2012.

19. Mr. Parker was confined in the Marion County Jail on the false charges from November 26, 2012 to December 20, 2012.

20. The Marion County Prosecutor charged Mr. Parker with five felony crimes: Corrupt Business

Influence, Dealing in Cocaine or Narcotic (three separate charges); and, Possession of Cocaine or a Schedule I or II Drug.

21. The prosecutor's charges were based upon the false reports of Officers Duckworth and Fiscus contained in the false and misleading affidavit of probable cause.

22. Mr. Parker denied the charges and demanded a trial.

23. Mr. Parker refused plea deals which were offered to him, insisting that he had committed no crime.

24. Because of the criminal charges pending against him, Mr. Parker's barber's license was suspended and he lost income.

25. Mr. Parker's jury trial on the criminal charges, after being continued several times, was scheduled for March 25, 2014.

26. Several days prior to trial, the deputy prosecutor, Mr. Parker, and Mr. Parker's defense attorney, viewed the video and audio recording of the May 23, 2012, alleged drug deal.

27. The video and audio recording of the May 23, 2012, alleged drug deal did not match the allegations that Officers Fiscus and Duckworth had set forth in the probable cause affidavit, and did not implicate Mr. Parker in the alleged crime.

28. After viewing the above recordings, the Marion County Prosecutor moved for the dismissal of the criminal charges against Mr. Parker.

29. The Marion Superior Court dismissed the charges against Mr. Parker on March 25, 2014.

30. Mr. Parker suffered damages as a result of these events in the form of physical pain and suffering, emotional distress, damage to his reputation, lost earnings, and attorney fees.

31. At all times relevant to this suit, the individual defendants were employed by the City of

Indianapolis in the Indianapolis Metropolitan Police Department and acted within the scope of their employment.

32. At all times relevant, the defendants were acting under color of state law.

## V. Claims

33. Defendants' actions constitute an unlawful seizure of Mr. Parker in violation of the fourth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

34. Defendants' actions constitute an unlawful seizure, in terms of the lack of probable cause for the arrest of Mr. Parker, in contravention of the fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

35. Defendants' actions constituted an unreasonable and/or a malicious prosecution of Mr. Parker in violation of the fourth and/or fourteenth amendments, actionable pursuant to 42 U.S.C. § 1983.

36. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

## VI. Jury Trial Requested

37. Gordon Parker requests a jury trial on his claims.

## VII. Relief Requested

38.     Gordon Parker seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

Respectfully submitted,

Dated: November 13, 2014                    */s/ Richard A. Waples*
                                            Richard A. Waples
                                            Attorney for Plaintiff

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com